### Statement of the Case.

Action by Frank Zimmermann against Andrew Kreinek to recover upon an oral guaranty in which defendant undertook to reimburse plaintiff for any loss sustained by plaintiff by reason of his purchase of a saloon business. From a judgment in favor of plaintiff for two hundred dollars defendant brings error.

ELMER O. RATHFON, for plaintiff in error.

FRANK FOSTER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

INDEMNITY, § 18*—*form of action.* An oral guaranty whereby one party agrees to reimburse another for any loss the latter might sustain by reason of purchasing from the former a certain saloon business, *held* a transaction between vendor and vendee, and not a transaction between partners in equity.

---

### Allie M. Best, Executrix, Plaintiff in Error, v. William C. Hunter, Defendant in Error.

### Gen. No. 18,700.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Allie M. Best, executrix of the estate of

Walter T. Best, otherwise known as E. Maro, deceased, against William C. Hunter on a contract between defendant and deceased alleging that defendant refused to take back certain shares of stock at the price paid by deceased, contrary to the agreement. From a judgment entered against plaintiff for costs on sustaining a demurrer to plaintiff's declaration, plaintiff brings error.

KERN & CLARE, for plaintiff in error.

CHARLES H. WELLS, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 353*—*when declaration in action on, demurrable.* In an action by an executrix on a contract with decedent in the form of a letter whereby the defendant agreed to take back certain shares of stock from deceased at any time within two years at the price paid, a declaration which does not allege the name of the corporation and does not aver that the shares were delivered by defendant and received by decedent, *held* demurrable.

---

## Ashland Auto Garage, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 18,716.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Ashland Auto Garage, a corporation,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.